| | |
|---|---|
| JENNIFER C. PIZER (SBN 152327) *jpizer@lambdalegal.org* PELECANOS* *pelecanos@lambdalegal.org* LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. 800 South Figueroa Street, Suite 1260 Los Angeles, California 90017-2521 Telephone: (213) 382-7600 | CAMILLA B. TAYLOR* *ctaylor@lambdalegal.org* KENNETH D. UPTON, JR* *kupton@lambdalegal.org* LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. 3656 North Halsted Street Chicago, Illinois 60613-5974 Telephone: (312) 663-4413 |
| JOSE ABRIGO* *jabrigo@lambdalegal.org* OMAR GONZALEZ-PAGAN* *ogonzalez-pagan@lambdalegal.org* LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. 120 Wall Street, 19th Floor New York, New York 10005-3919 Telephone: (212) 809-8585 | KAREN L. LOEWY* *kloewy@lambdalegal.org* LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. 815 16th Street NW, Suite 4140 Washington, DC 20006-4101 Telephone: (202) 804-6245

*Appearance Pro Hac Vice* |

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SAN FRANCISCO AIDS FOUNDATION, et al.;<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.<br><br>*Defendants*. | Case No. 4:25-cv-1824-JTS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: Thursday, May 22, 2025<br>Time: 2:00 pm PDT<br>Dept.: Oakland<br><br>Trial Date: None Set |

Upon due consideration of Plaintiffs' Motion for Preliminary Injunction, and all briefing papers filed in connection therewith, and with the benefit of oral argument, the Court hereby finds there is good cause to **GRANT** the motion.

The Court may issue a preliminary injunction when a plaintiff establishes that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-35 (9th Cir. 2011). The Court finds that Plaintiffs have carried their burden to satisfy each of those factors and that immediate relief is appropriate.

Therefore, the Court hereby **ORDERS** that Plaintiffs' Motion for a Preliminary Injunction is **GRANTED** and issues the following preliminary injunction with immediate effect:

1. Agency Defendants[1] are hereby **ENJOINED** from enforcing Executive Order No. 14168 against Plaintiffs. Specifically, Defendants shall not:

    a. Condition or withhold any federal funding or contract eligibility on Plaintiffs' compliance with Executive Order No. 14168;

    b. Open or conduct any investigation of any Plaintiff with regard to compliance with Executive Order No. 14168;

    c. Terminate or modify existing governmental contracts with or grants to Plaintiffs for purported non-compliance with:

        i. Any provision of Executive Order No. 14168,

        ii. Any agency action taken to implement Executive Order No. 14168, or

        iii. Any term of a contract or grant imposed to implement Executive Order No. 14168;

---

[1] Defendants DOJ; Attorney General Pamela Bondi; DOL; Acting Labor Secretary Vince Micone; OFCCP; Acting OFCCP Director Michael Schloss; OMB; OMB Director Russell Vought; HHS; HHS Secretary Robert K. Kennedy, Jr.; HUD; HUD Secretary Scott Turner; NARA; Deputy Archivist William J. Bosanko; NEH; and NEH Chair Shelly C. Lowe are referred to collectively as the "Agency Defendants."

      d. Take any other action against Plaintiffs, whether or not listed above, intended to effectuate or enforce:

          i. Any provision of Executive Order No. 14168,

          ii. Any agency action taken to implement Executive Order No. 14168, or

          iii. Any term of a contract or grant imposed to implement Executive Order No. 14168.

2. Defendants are hereby **ENJOINED** from enforcing Executive Order Nos. 14151 and 14173 against Plaintiffs. Specifically, Defendants shall not:

      a. Condition or withhold any federal funding or contract eligibility on Plaintiffs' compliance with Executive Order Nos. 14151 and 14173;

      b. Open or conduct any investigation of any Plaintiff with regard to compliance with Executive Order Nos. 14151 and 14173;

      c. Terminate or modify existing governmental contracts with or grants to Plaintiffs for purported non-compliance with:

          i. Any provision of Executive Order Nos. 14151 and 14173,

          ii. Any agency action taken to implement Executive Order Nos. 14151 and 14173, or

          iii. Any term of a contract or grant imposed to implement Executive Order Nos. 14151 and 14173;

      d. Take any other action against Plaintiffs, whether or not listed above, intended to effectuate or enforce:

          i. Any provision of Executive Order Nos. 14151 and 14173,

          ii. Any agency action taken to implement Executive Order Nos. 14151 and 14173, or

          iii. Any term of a contract or grant imposed to implement Executive Order Nos. 14151 and 14173.

3. This injunction shall take effect immediately.

4. This injunction shall apply to all Agency Defendants as well as any subagencies of Agency Defendants and any officers, agents, servants, employees, or attorneys of Agency Defendants or any of their subagencies. This injunction shall further apply to any other persons who are in active concert or participation with Agency Defendants or Agency Defendants' officers, agents, servants, employees, and attorneys. Fed. R. Civ. P. 65(d)(2).

5. The Court's reasons for issuing this injunction are set forth in a forthcoming opinion, as well as in the transcript of the proceedings held before the Court on _____, 2025. Fed. R. Civ. P. 65(d)(1)(A).

6. This injunction shall remain in effect until further order of the Court.

**IT IS SO ORDERED.**

Dated this \_\_\_\_th of _____, 2025.

HON. JUDGE JON S. TIGAR
UNITED STATES DISTRICT JUDGE