JENNIFER C. PIZER (SBN 152327)
*jpizer@lambdalegal.org*
PELECANOS* **
*pelecanos@lambdalegal.org*
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
800 South Figueroa Street, Suite 1260
Los Angeles, California 90017-2521
Telephone: (213) 382-7600

JOSE ABRIGO*
*jabrigo@lambdalegal.org*
OMAR GONZALEZ-PAGAN*
*ogonzalez-pagan@lambdalegal.org*
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, New York 10005-3919
Telephone: (212) 809-8585

CAMILLA B. TAYLOR*
*ctaylor@lambdalegal.org*
KENNETH D. UPTON, JR*
*kupton@lambdalegal.org*
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
3656 North Halsted Street
Chicago, Illinois 60613-5974
Telephone: (312) 663-4413

KAREN L. LOEWY*
*kloewy@lambdalegal.org*
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
815 16th Street NW, Suite 4140
Washington, DC 20006-4101
Telephone: (202) 804-6245

*Appearance Pro Hac Vice*
** *Los Angeles address for mailing purposes only*

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SAN FRANCISCO AIDS FOUNDATION, et al.;<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.<br><br>Defendants. | Case No. 4:25-cv-01824-JST<br><br>[PROPOSED] **PRELIMINARY INJUNCTION ORDER** |

The Court has considered Plaintiffs'[1] Motion for Preliminary Injunction, and all briefing papers filed in connection therewith, as well as oral argument. The Court may issue a preliminary injunction when a plaintiff establishes that "[it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also All. for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1131–35 (9th Cir 2011). For the reasons stated in the Court's Order dated June 9, 2025, Granting in Part and Denying In Part Motion for Preliminary Injunction [ECF No. 81] (the "June 9, 2025 Opinion"), the Court finds that Plaintiffs have carried their burden of satisfying each of those factors as to three challenged provisions within two Executive Orders. Immediate relief is appropriate in order to alter the status quo and address the irreparable harm that Plaintiffs face absent an injunction.

Specifically, the Court enjoins the following provisions of two Executive Orders: (1) Executive Order No. 14168,[2] section 3(e) which provides that agencies "shall take all necessary steps, as permitted by law, to end the Federal funding of gender ideology" ("Gender Termination Provision"); (2) Executive Order No. 14168, section 3(g) which provides that "[f]ederal funds shall not be used to promote gender ideology. Each agency shall assess grant conditions and grantee preferences and ensure grant funds do not promote gender ideology" ("Gender Promotion Provision"); and (3) Executive Order No. 14151[3], section 2(b)(i) that directs each agency, department or commission head to "terminate, to the maximum extent allowed by law, all . . . 'equity-related' grants or contracts." ("Equity Termination Provision").

The Court **ORDERS** the following, consistent with the June 9, 2025 Opinion, which is fully incorporated herein:

---

[1] Plaintiffs are Baltimore Safe Haven Corp.; Bradbury-Sullivan LGBT Community Center; FORGE, Inc.; Gay Lesbian Bisexual Transgender Historical Society; Los Angeles LGBT Center; Lesbian and Gay Community Services Center, Inc. d/b/a The LGBT Community Center; Prisma Community Care; San Francisco Aids Foundation; Asian and Pacific Islander Wellness Center, Inc. d/b/a San Francisco Community Health Center.

[2] Executive Order No. 14168 is sometimes referred to as "the Gender Order."

[3] Executive Order No. 14151 is sometimes referred to as "DEI-1 Order."

1. Agency Defendants[4] are hereby **ENJOINED** from enforcing Executive Order No. 14168 sections 3(e), and 3(g), and Executive Order No. 14151 section 2(b)(i) (referred to collectively as the "Funding Provisions") against Plaintiffs. Specifically, Agency Defendants shall not:
   a. Condition or withhold any federal funding or contract eligibility based on Plaintiffs' compliance with the Funding Provisions;
   b. Investigate Plaintiffs with regard to compliance with the Funding Provisions;
   c. Terminate or modify existing governmental contracts with or grants to Plaintiffs for purported non-compliance with:
      i. The Funding Provisions,
      ii. Any agency action taken to implement the Funding Provisions, or
      iii. Any term of a contract or grant imposed to implement the Funding Provisions.
   d. Take any action against Plaintiffs, whether or not listed above, intended to implement, effectuate, or enforce, explicitly or under a different name:
      i. Any agency action taken to implement the Funding Provisions, or
      ii. Any term of a contract or grant imposed to implement the Funding Provisions.
2. Agency Defendants are hereby **ORDERED**, within five (5) business days of entry of this order, to **REINSTATE** any terminated contract or grant awards of Plaintiffs' (whether Plaintiff is a grantee or sub grantee) in accordance with the grant terms and conditions in

---

[4] "Agency Defendants" are the U.S. Department of Justice; Attorney General Pamela Bondi; U.S. Department of Labor; Acting Labor Secretary Vince Micone; the Office of Federal Contract Compliance Programs ("OFCCP"); Acting OFCCP Director Michael Schloss; the Office of Management and Budget ("OMB"); OMB Director Russell Vought; U.S. Department of Health and Human Services ("HHS"); HHS Secretary Robert K. Kennedy, Jr.; U.S. Department of Housing and Urban Development ("HUD"); HUD Secretary Scott Turner; National Archives and Records Administration ("NARA"); Deputy Archivist William J. Bosanko; National Endowment for the Humanities ("NEH"); and NEH Chair Shelly C. Lowe.

place at the time the Complaint was filed. This includes, but is not limited to, the following specific grant awards:

a. Gay Lesbian Bisexual Transgender Historical Society – Federal Award ID Number PG-300781-24 ($10,000);

b. San Francisco AIDS Foundation – Federal Award ID Number 1R0 1AI181732-01A1 ($52,822);

c. San Francisco Aids Foundation – Federal Award ID Numbers B09SM085337 & B08TI083929 ($125,000);

d. San Francisco AIDS Foundation – Federal Award ID Number CDC-RFA-PS-23-0011 ($800,000);

e. LA LGBT Center – Federal Award ID Number 1R01DA061345-01 ($2,068,560);

f. LA LGBT Center – Federal Award ID Number 4R00DA055508-03 ($12,536);

g. LA LGBT Center – Federal Award ID Number 75D30123D15973;

h. 75D30124F00002, subaward No. UWSC16407 ($1,127,455);

i. LA LGBT Center – Federal Award ID Number 15JOVW23GK05467MUMU ($750,000);

j. LA LGBT Center  – Office of Violence Against Women's grants for the "the Expanding Legal Services TTA Project," "LGBTQ+ Training for Coalitions Project" and the "LGBTQ+ Legal Access Project" to ABA and LA LGBT Center Inc.;

k. LA LGBT Center  – Office of Violence Against Women Transitional Housing Grant that LA LGBT Center would have applied for except for its prohibition on the promotion of gender and DEI;

l. LA LGBT Center  – Federal Award ID Number H76HA00158-34-00 ($2,366,502);

m. LA LGBT Center  – Federal Award ID Number 90EV0535-04-01  ($2,300,00);

|   |    |    |
|---|----|----|
| 1 | n. | NY LGBT Center – Federal Award ID Number 15POVC-24-GK-03050-NONF ($200,000); |
| 3 | o. | NY LGBT Center – Funding from Substance Abuse and Mental Health Services Administration which is advising NY LGBT Center to exclude reference to DEI, transgender, diversity, inclusion, cultural competence, culturally-informed, he/She/They/Them, inclusivity, nonbinary, LGBTQ, LGBTQ+ in reporting. |
| 7 | p. | Prisma Community Care – Federal Award ID Number CDC-PS-24-0047, subgrant numbers RFGA2024-003-04 ($2,000,000) and RFGA2024-006-001($300,000) (funding threatened); |
| 10 | q. | FORGE Inc. – Federal Award ID Number 15POVC-22-GK-01054-NONF ($749,908); |
| 12 | r. | FORGE Inc. – Federal Award ID Number 15POVC22GK03590SAFE; |
| 13 | s. | FORGE Inc. – Federal Award ID Number 15POVC21GK00658NONF, subaward number 3984 ($113,333); |
| 15 | t. | FORGE Inc. – Application process terminated for Culturally Responsive Victim Services Grant Program through the National Center for Culturally Responsive Victim Services; |
| 18 | u. | FORGE Inc. – Federal Award ID Number 15PBJA22GG04854ADVA ($500,000); |
| 19 | v. | FORGE Inc. – Office of Violence Against Women's grants for the "LGBTQ+ Training for Coalitions Project" and the "LGBTQ+ Legal Access Project" to ABA and FORGE Inc.; |
| 22 | w. | FORGE Inc. – Office of Violence Against Women Stalking Prevention, Awareness & Resource Center/Aequitas grant's program manager's instruction that no LGBTQ+ related content should be submitted to the Office of Violence Against Women. |

3. This injunction shall take effect immediately.

- 5 -

[PROPOSED] PRELIMINARY INJUNCTION ORDER, CASE NO. 4:25-CV-01824-JST

4.  This injunction shall apply to all Agency Defendants as well as any subagencies of Agency Defendants and any officers, agents, servants, employees, or attorneys of Agency Defendants or any of their subagencies. This injunction shall further apply to any other persons who are in active concert or participation with Agency Defendants or Agency Defendants' officers, agents, servants, employees, and attorneys. Fed. R. Civ. P. 65(d)(2).

5.  Plaintiffs shall post a nominal bond in the amount of $1,000.00.[5]

6.  This injunction shall remain in effect until further order of the Court.

    **IT IS SO ORDERED.**

Dated this 13th of June, 2025.

HON. JUDGE JON S. TIGAR
UNITED STATES DISTRICT JUDGE

---

[5] The Court is advised by Notice dated June 12, 2025 (ECF No. 85) that Plaintiffs have complied with this requirement.